```
            UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA


   CHRIS WILLIAMS,                   :
                                     :
             Petitioner              :
                                     :
        vs.                          :    CIVIL NO. 1:CV-08-1776
                                     :
   UNITED STATES PAROLE              :    (Judge Caldwell)
   COMMISSION,                       :
                                     :
             Respondent.             :
```

*M E M O R A N D U M*

*I.    Introduction*

Petitioner, Chris Williams, an inmate at the Allenwood Lower Security Corrections Institution (LSCI-Allenwood) at White Deer, Pennsylvania, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has named as the respondent the United States Parole Commission. Petitioner believes that the Commission failed to give him credit on his federal sentence for the time he spent in state custody, even though it stated that it would grant him the credit. As relief, he requests an order directing the Commission to issue a new Notice of Action notifying the Bureau of Prisons (BOP) that the Commission credited Petitioner with time spent in state custody so that the BOP can calculate the correct mandatory release date.

Petitioner believes that he is entitled to immediate release if this credit is properly applied.

We agree with Respondent that Petitioner has confused credit for the purpose of calculating parole eligibility with credit for the purpose calculating how much time he must spend in prison. The Commission decided that Petitioner would not be paroled and that he would be continued until his fifteen-year reconsideration hearing or until he was released upon expiration of his sentence, whichever came first. Petitioner does not contest the grounds for this decision. Hence the Petition will be denied.

*II.     Background*

The parties' submissions reveal the following. Petitioner pled guilty in the United States District Court for the Eastern District of New York to one count of a RICO conspiracy, which included the distribution of drugs, and a separate count of conspiracy, also to distribute drugs.[1] As part of a plea agreement, Petitioner's sentence was to be twenty years on the RICO count and twenty-five years on the drug-conspiracy count, to run concurrently. (Doc. 1, habeas petition, CM/ECF pp.

---

[1] One of the predicate offenses for the RICO count was the murder of a state parole officer.

11, 12).[2] In October 1993, Williams was sentenced in accord with the plea agreement. These sentences were to run consecutively to sentences Petitioner was already serving in New York and Maryland. (*Id.*, p. 11).

On April 6, 2004, the sentencing judge granted Williams' motion to correct an illegal sentence by reducing the sentence on the drug-conspiracy conviction to five years and running it consecutively to the twenty-year sentence on the RICO conspiracy count, (*id.*, p. 15), "ultimately yield[ing] the same 25 year sentence" required by the plea agreement. (*Id.*, p. 12).

Petitioner appears to have been in state custody from July 21, 1987, until he entered federal custody on May 21, 1999.[3] The Commission conducted an initial parole hearing on April 13, 2000. (Doc. 10-2, pp. 7-9).[4] The panel rated the severity of Williams' offenses as Category Eight, with a salient factor score (SFS) of three, yielding a parole guideline range of 180+ months.

---

[2] All citations to the record will be to the CM/ECF page.

[3] Petitioner asserts he was in state custody on July 21, 1987. There is some discrepancy as to the starting date for the credit; it may have been September 10, 1990. However, this discrepancy has no bearing on our analysis.

[4] Petitioner committed his offenses before enactment of the Sentencing Reform Act of 1987, so he is still subject to the authority of the Commission to grant or deny parole.

(*Id.*, p. 7). *See* 28 C.F.R. § 2.20.[5] Williams "did not contest the total SFS nor the severity level nor the guidelines." (*Id.*) When considering Williams' risk to society, the panel concluded that the instant offense "as well as three convictions for robbery that occurred in 77 (two) and in 1981 the subject does appear to be a more serious risk than reflected by the 3 SFS." (*Id.*, p. 8). The panel also noted that since Williams' convictions in July 85 and July 87 were "related to the instant offense . . . it appears that [Williams] should receive credit for the time spent in custody since 9/10/90. As of today's hearing this will give [Williams] a total of 115 months." (*Id.*, p. 9). As the panel also observed: "You have been in state and

---

[5] Note: For Category Eight, no upper limits are
specified due to the extreme variability of the
cases within this category. For decisions
exceeding the lower limit of the applicable
guideline category by more than 48 months, the
Commission will specify the pertinent case factors
upon which it relied in reaching its decision,
which may include the absence of any factors
mitigating the offense. This procedure is intended
to ensure that the prisoner understands that
individualized consideration has been given to the
facts of the case, and not to suggest that a grant
of parole is to be presumed for any class of
Category Eight offenders.

28 C.F.R. § 2.20 n.1.

federal confinement as a result of your behavior for a total of 115 months as of 4-10-2000." (*Id.*, p. 10).⁶

On May 6, 2000, the Commission issued a Notice of Action (NOA) which ordered "[c]ontinue to a Fifteen-Year Reconsideration Hearing in April 2015 or continue to expiration, whichever comes first." (*Id.*, p. 10).⁷ The Commission explained that "[a]fter review of all relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted based on the following pertinent aggravating factors: You supplied the weapon (gun) to the individuals who stalked and eventually shot and killed Mr. Rooney, the State Parole Officer, as he was driving his vehicle away from work." (*Id.*) Williams was advised

---

⁶ Pursuant to 28 C.F.R. § 2.20(j)(1), "Credit is given toward the [parole] guidelines for any time spent in confinement on any offense considered in assessing offense severity."

⁷ Having been taken into federal custody on May 21, 1999, to begin serving his sentence, Petitioner had the following relevant dates calculated by the BOP:

| | |
|---|---|
| Parole Eligibility Date | September 20, 2007 |
| Projected Release Date | March 1, 2014 |
| Statutory Release Date | March 3, 2016 |
| Two Thirds Date | January 20, 2016 |
| Full Term Date | May 20, 2024 |

(Doc. 10-2, p. 5).

-5-

that he would be scheduled for a statutory interim hearing during the docket immediately preceding completion of his minimum term, and his right to appeal the decision. (*Id*.) Williams did not file an administrative appeal.

The Commission conducted a statutory interim hearing on February 5, 2008. (*Id*. pp. 12-14). Williams' statutory release date was noted as March 1, 2014, and his full term date was noted as May 20, 2024. (*Id.*, p. 12). After reviewing Williams' conduct during the intervening period, as well as his program achievement, the panel decided to make no change in the prior decision that he serve to a fifteen-year reconsideration hearing in April 2015, or the expiration of his sentence, whichever came first. (*Id.*, p. 14). On February 22, 2008, the Commission issued a Notice of Action to that effect. (*Id.*, p. 15). The NOA advised Williams that he would be scheduled for another statutory interim hearing in February 2010 and that he could appeal the Commission's decision. (*Id.*).

Petitioner appealed the NOA to the National Appeals Board, arguing that the Commission had failed to give him credit for the time he had spent in state custody. In a Notice of Action on Appeal, dated July 8, 2008, the National Appeals Board affirmed, stating:

> You claim that the Parole Commission failed to credit you with the time you spent in state custody towards the service of your guidelines. You indicate that the statutory release date noted on the hearing summary has not changed. You are confusing time that is credited towards the service of parole guidelines with time that is credited towards the service of the sentence. The mandatory release date or statutory release date, which is computed by the Bureau of Prisons, is based upon the length of your federal sentence and the good time that you earn while in custody. Your federal sentence commenced on the date you were placed in federal custody and you receive credit towards the service of your sentence as of that date. The time that the Commission requires you to serve before being released is based upon the parole guidelines that the Commission calculated for you. In your case, the Commission has determined that you must serve at least 180 months before release. The Commission has recognized the time you spent in state custody for the purpose of satisfying the service of the parole guidelines, *which at a minimum, require you to serve at least 180 months*. As you indicate in your appeal, the Commission has granted you credit for the time you spent in state custody as of July 20, 1987; therefore, the Commission has complied with its regulations and has not committed a procedural error. The time that you spent in state custody does not reduce the expiration of your federal sentence as you claim.
>
> If you believe that the Bureau of Prisons has computed your mandatory release date erroneously, you should seek relief through their administrative remedy process.

(*Id.*, p. 16)(emphasis added).

III. *Discussion*

In his habeas petition, Williams argues that the Commission based its decision on three incorrect factual grounds. First, the Commission based its decision on the original October 1993 sentence rather than the amended April 2004 one. Second, while the Commission gave him credit for time spent in state custody, it failed to apply it to his 228-month guideline range. Third, in its February 22, 2000, NOA, the Commission did not state that it was giving Petitioner credit for time spent in state custody and so it prevented the BOP from setting his correct mandatory release date.

Behind these arguments is Petitioner's belief that: (1) the Commission's mention in its May 2000 NOA of a 180+ guideline range and the need for him to serve more than forty-eight months beyond this range established a period of incarceration of 228 months; and (2) credit for his state time (from July 20, 1987, through May 21, 1999) means that he should receive credit on his federal period of imprisonment of 146 months. Hence he argues that he has already served the guideline range's 228 months and has even met his two-thirds date when the 112 months (as he calculates it) spent in federal custody since May 21, 1999, is included. Petitioner argues that if he receives the credit promised him by the Commission, "then it is mathematically

-8-

impossible for petitioners projected release date on parole to be March 3, 2014." (Doc. 14, p. 6).[8]

Williams does not contnd that the Commission improperly rated him as a Category Eight offender with a SFS of 3. (Doc. 14, p. 4). Likewise, Williams does not contest that Category Eight of the parole guidelines does not have an upper limit. (*Id.*) Thus he has presented us with no reason to disturb the Commission's decision.

Williams' petition is based on his erroneous belief that the parole guidelines established his period of imprisonment. But the decision to grant or deny parole is committed to the Commission, *see* 28 C.F.R. § 2.18 (stating that the granting of parole to an eligible prisoner rests in the discretion of the Commission); *Furnari v. Warden*, 218 F.3d 250, 254 (3d Cir. 2000), and its discussion of parole guideline ranges went only to Petitioner's eligibility for parole, not to the time the Commission decided he would serve on his sentence. In short, credit available to fulfill parole guideline obligations is different from credit for the purpose of calculating time to be served on a particular sentence, and Williams' argument that the Commission's setting of his fifteen-year parole reconsideration

---

[8] Petitioner incorrectly cites Respondent's Ex. 1. This exhibit notes that "The inmate is projected for release: 03-01-2014 VIA MAND RELEASE," not by way of parole. *See* Doc. 10-2, p. 4.

date of April 2015 requires him to serve more than his two-thirds mandatory sentence is irrelevant as he has no expectation to parole on any certain date.

We note that the BOP calculated Williams' projected mandatory release date as March 1, 2014, based on deducting the potential good time credit Williams could earn from his full term date. As Respondent points out, this date may change should Williams incur any disciplinary infractions which lead to the forfeiture of good time credit. This is not a release date mandated by the Commission. Williams does not have a mandatory release date on parole; at best he has a parole reconsideration date in April 2015 should he still be in BOP custody. This date was determined by examining the parole guidelines applicable to Williams, and then by providing specific reasons for issuing a decision more than 48 months above the lower limit of the guidelines prior to parole reconsideration. (Doc. 10-2, p. 10).

For the foregoing reasons, the court will deny Williams' petition for writ of habeas corpus. We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 8, 2009

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRIS WILLIAMS, :
:
    Petitioner :
:
    vs. : CIVIL NO. 1:CV-08-1776
:
UNITED STATES PAROLE : (Judge Caldwell)
COMMISSION, :
:
    Respondent. :

*O R D E R*

AND NOW, this 8th day of July, 2009, it is ordered that:

    1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is denied.

    2. The Clerk of Court shall close this file.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge